UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RASHIDA KING<br>1317 Eastland Court<br>Rome, GA 30161<br><br>    Plaintiff,<br><br>v.<br><br>CINCINNATI PUBLIC SCHOOLS<br>2651 Burnet Avenue<br>Cincinnati, OH 45219<br><br>and<br><br>CHARLENE MYERS<br>3555 Kellogg Avenue<br>Cincinnati, OH 45226<br><br>    Defendants. | Case No. 1:17cv794<br><br>Judge |

**COMPLAINT AND JURY DEMAND**

Plaintiff Rashida King, by and through counsel, for her Complaint against Defendant Cincinnati Public Schools ("CPS") states as follows:

**I.  PRELIMINARY STATEMENT**

1. Ms. King brings this action to redress retaliation and discrimination in violation of the United States Constitution, Equal Protection Clause, pursuant to 42 U.S.C. § 1983; Family Medical Leave Act; Rehabilitation Act; and the laws of the state of Ohio.

2. This action arises out of Ms. King's employment with CPS.  Ms. King alleges that Defendants unlawfully subjected her to discrimination and retaliation when Defendant Charlene Myers shared her private health information with several of her coworkers, her

coworkers ridiculed her because of her disability, Defendant Charlene Myers threatened to terminate her, and Defendants constructively discharged her from her teaching position at Riverview East Academy.

3. Accordingly, Ms. King seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both her economic and non-economic injuries. She also seeks liquidated and/or punitive damages, and her reasonable attorney fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

4. This Court's jurisdiction is invoked under the provisions of 28 U.S.C. § 1331, as Ms. King's claims arise under the Fourteenth Amendment to the Constitution of the United States Constitution; 42 U.S.C. § 1983; the Rehabilitation Act; the Americans with Disabilities Act, and the Family Medical Leave Act. This Court may assume supplemental jurisdiction over Ms. King's state law claim under Ohio Rev. Code § 4112.01 *et seq.* pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as her federal claims.

5. Venue within this Court is appropriate because the events given rise to the claims occurred within the Southern District of Ohio.

## III. PARTIES

6. Plaintiff, Rashida King is a United States citizen and resident of Georgia. At all times relevant hereto, she was employed by Cincinnati Public Schools as a Teacher for Riverview East Academy.

7. Defendant, Cincinnati Public Schools is Greater Cincinnati's largest school district and Ohio's third largest. CPS is a state actor, and an "employer" as that term is defined

in the Family Medical Leave Act; Rehabilitation Act; the Americans with Disabilities Act; and the Ohio Civil Rights Act.

8. Defendant, Charlene Myers is a citizen of the United States and resident of Hamilton County, Ohio. At all times relevant hereto, Ms. Myers was the Principal of Riverview East Academy and was Ms. King's supervisor. Ms. Myers is sued in her individual capacity.

### IV. ADMINISTRATIVE HISTORY

9. On July 26, 2016, Ms. King filed a timely charge of retaliation against Cincinnati Public Schools with the Equal Employment Opportunity Commission ("EEOC") (473-2016-01011). She alleged that CPS violated the Americans with Disabilities Act when it disseminated her confidential health information and retaliated against her for taking a leave of absence as an accommodation for her disability. On August 23, 2017, the EEOC issued a letter notifying Ms. King that her request has been forwarded to the Department of Justice ("DOJ") for action. On November 6, 2017, the DOJ issued a Notice of Right to Sue to Ms. King for her claim under the Americans with Disabilities Act.

### V. STATEMENT OF THE CASE

10. Ms. King was employed at Riverview East Academy, a school within Cincinnati Public Schools, as a teacher.

11. In April 2016, she requested and was granted a leave of absence due to anxiety and depression. Ms. King provided CPS's Human Resource Department with an FMLA certification form completed by her physician.

12. Ms. King did not inform the principal of her school, Charlene Myers, of the nature of her disability.

13. While on a leave of absence, Ms. King learned that CPS had illegally informed Ms. Myers of the nature of her disability, and that Ms. Myers had subsequently made several derogatory comments to her coworkers regarding her disability. She also learned that Ms. Myers suggested to several of Ms. King's coworkers that she was malingering, and that her employment would not be renewed for the 2016-2017 school year.

14. Several of Ms. King's coworkers expressed dissatisfaction with Ms. King's leave and suggested that Ms. King let them down because she took a leave of absence at the end of the school year.

15. Upon learning of Ms. Myers's comments and the impact it had on her relationship with her coworkers, Ms. King contacted CPS to complain of the illegal dissemination of her confidential health information, and about Ms. Myers's discriminatory and retaliatory comments.

16. CPS did not investigate or respond to Ms. King's complaints.

17. On or about July 15, 2016, Ms. King resigned her position at CPS and declined CPS's offer to renew her contract. Because of CPS's flagrant violation of her rights and the hostile work environment created by Ms. Myers, Ms. King did not feel that she could return to work.

18. No reasonable person could have continued to work under such conditions.

19. Ms. King was constructively discharged.

20. CPS illegally disseminated Ms. King's confidential health information and retaliated against her for taking a leave of absence.

21. Because of CPS's illegal actions, Ms. King suffered damages, including lost wages and benefits, lost future professional opportunity, and emotional distress.

22. As a further result of the conduct of CPS, Ms. King has been forced to incur attorney fees and costs to obtain the rights to which she is entitled.

## VI. STATEMENT OF CLAIMS

### COUNT I – EQUAL PROTECTION (42 U.S.C. § 1983)

23. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1 through 22 as if fully set forth herein.

24. CPS and Ms. Myers intentionally and purposefully discriminated against Ms. King on the basis of her disability by illegally disseminating confidential health information. They treated Ms. King differently from similarly-situated teachers because of her disability, and that disparate treatment was not rationally related to a legitimate government purpose.

25. CPS and Ms. Myers acted with malice and a conscious disregard of Ms. King's federally-protected rights.

### COUNT II – FAMILY MEDICAL LEAVE ACT (29 U.S.C. §§ 2615 *et seq.*)

26. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1 through 25 as if fully set forth herein.

27. Ms. King exercised her rights protected under the FMLA by taking a leave of absence.

28. The actions taken by CPS and Ms. Myers to contradict or strip Ms. King's rights equates to an adverse employment action.

29. CPS deliberately created intolerable working conditions for Ms. King.

30. No reasonable person could have continued to work under such conditions.

31. CPS did so with the intention of forcing Ms. King to quit.

32. CPS unlawfully disseminated confidential health information in violation of the Family Medical Leave Act.

33. CPS's unlawful dissemination of confidential health information constituted interference with her right to take a leave of absence for her serious health condition.

### COUNT III – REHABILITATION ACT (29 U.S.C. §§ 504 *et seq.*)

34. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1 through 33, as if fully set forth herein.

35. CPS is subject to the Rehabilitation Act.

36. Ms. King was disabled within the meaning of the Rehabilitation Act.

37. Ms. King was otherwise qualified to perform the essential functions of her job as a Teacher with reasonable accommodation.

38. CPS discriminated against Ms. King because of her disability.

39. CPS had notice that Ms. King's leave of absence was caused by her disability as defined by federal law, and discriminated against her solely because of her disability.

### COUNT IV – OHIO CIVIL RIGHTS ACT (O.R.C. § 4112.01, *et seq.*)

40. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1 through 39, as if fully set forth herein.

41. Ms. King was disabled within the meaning of the Ohio Civil Rights Act.

42. Ms. King was qualified for her job as a Teacher at CPS.

43. CPS and Ms. Myers disseminated Ms. King's private health information and created a hostile working environment for Ms. King.  CPS and Ms. Myers constructively discharged Ms. King.

44. Ms. Myers aided and abetted discrimination against Ms. King.

45. CPS and Ms. Myers acted with malice.

6

### COUNT V – AMERICANS WITH DISABILITIES ACT (42 U.S.C. §§ 12101, *et seq.*)

46. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1 through 45, as if fully set forth herein.

47. CPS is subject to the Americans with Disabilities Act.

48. Ms. King was disabled within the meaning of the Americans with Disabilities Act.

49. Ms. King was otherwise qualified to perform the essential functions of her job as a Teacher with reasonable accommodation.

50. CPS discriminated against Ms. King because of her disability.

51. CPS had notice that Ms. King's leave of absence was caused by her disability as defined by federal law, and discriminated against her because of her disability.

### PRAYER FOR RELIEF

WHEREFORE, Ms. King prays for the following relief:

1. An award of compensatory damages for all economic damages suffered by Ms. King in an amount to be determined at trial;

2. Award an equal amount in liquidated damages suffered by Ms. King in an amount to be determined at trial;

3. An award of compensatory damages for all non-economic damages suffered by Ms. King in an amount to be determined at trial;

4. Declare that the illegal dissemination of confidential medical information at CPS is a violation of the federal statutory and constitutional law;

5. Award Ms. King punitive damages in an amount to be determined at trial;

6. An award of all Ms. King's costs and reasonable attorney's fees incurred in connection with this action; and

7. All such additional relief to which Ms. King is entitled.

          Respectfully submitted,

          s/ Brian J. Butler
          Brian J. Butler (Ohio Bar No. 0082675)
          Marc D. Mezibov (Ohio Bar No. 0019316)
          MEZIBOV BUTLER
          615 Elsinore Place Suite 105
          Cincinnati, Ohio 45202
          Telephone: (513) 621.8800
          Telecopier: (513) 621.8833
          bbutler@mezibov.com
          mmezibov@mezibov.com

          *Attorneys for Plaintiff Rashida King*

## JURY DEMAND

Plaintiff Rashida King demands that all issues of fact pursuant to the foregoing Complaint be tried to a jury.

          s/ Brian J. Butler
          Brian J. Butler (Ohio Bar No. 0082675)