IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RASHIDA KING, | : | Case No. 1:17-cv-00794 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ORDER DENYING DEFENDANTS'** |
| | : | **MOTION IN LIMINE** |
| CINCINNATI PUBLIC SCHOOLS, *et al.*, | : | |
| Defendants. | : | |

This matter is before the Court on the Defendants' Motion In Limine to admit evidence regarding the option for Plaintiff to transfer to Aiken High School ("Aiken") (Doc. 20). Plaintiff filed a response in opposition and Defendants replied (Docs. 26, 28). For the reasons set forth below, the Court will **DENY** Defendants' Motion In Limine.

I.  BACKGROUND

Plaintiff initiated this action alleging claims under 42 U.S.C. § 1983 (Equal Protection), the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2615, *et seq.*, the Rehabilitation Act, 29 U.S.C. §§ 504, *et seq.*, the Ohio Civil Rights Act, O.R.C. §§ 4112.01, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* Defendants have moved for summary judgment on all claims, which the Court will address by separate order.

Plaintiff, a social studies teacher at Riverview East Academy, alleges, in part, that Cincinnati Public Schools ("CPS") constructively discharged her based on a disability. Plaintiff contacted her union, and she attempted to contact the CPS Director of Human Resources about her difficulties at work. (King Dep., Doc. 10 at PageID 103.) When her complaints were not

investigated or addressed and the Human Resources Director failed to return her call, she retained an attorney.

Plaintiff's attorney sent a letter to CPS detailing Plaintiff's complaint and inviting CPS to "discuss Ms. King's future employment with CPS, and the steps CPS is planning to take to remedy this unfortunate situation." (Doc. 16-2 at PageID 600.) In response, counsel for the parties discussed three possibilities for King: (1) remain at Riverview in her current position; (2) transfer to Aiken in a similar position; or (3) resign, effective the end of August, 2016, thereby retaining her salary and benefits for the summer, and CPS would forgive 31 hours of paid time off it had advanced while she was on leave. (Hoying Dep., Doc 16 at PageID 575, 587; Butler Decl., Doc. 24-1 at ¶ 2, PageID 706.) Defendants filed a motion in limine to admit evidence regarding the option for King to transfer to Aiken.

## II. MOTIONS IN LIMINE

District courts have authority to adjudicate motions in limine pursuant to their "inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n. 4 (1984). Courts should exclude evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) (citation omitted). However, the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975). "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Owner–Operator Independent Drivers Ass'n v. Comerica Bank*, No. 05–CV–0056, 2011 WL 4625359, at *1 (S.D. Ohio Oct. 3, 2011) (citation omitted). Moreover, "[m]otions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues." *Ohio Oil Gathering Corp. III v. Welding, Inc.*, 2010

WL 5135999, at *3 (S.D. Ohio 2010) (quoting *Natural Res. Def. Council v. Rodgers,* No. CIV–S–88–1658, 2005 WL 1388671, at *1, n. 2 (E.D. Cal. June 9, 2005)). Denial of a motion in limine does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at trial. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

### III. DEFENDANTS' MOTION TO ADMIT EVIDENCE REGARDING THE OPTION FOR PLAINTIFF TO TRANSFER TO AIKEN

Defendants seek to admit evidence that Plaintiff had been given the option to transfer to Aiken. (Doc. 20 at PageID 653). Defendants contend that this evidence is admissible because Federal Rule of Evidence 408—which bars evidence of compromise offers or negotiations—is inapplicable and because the evidence is being offered for another purpose. The Court disagrees.

Rule 408 prohibits either party from offering two types of evidence to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) evidence of "furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise a claim;" and (2) evidence of "conduct or statements made in compromise negotiations regarding the claim." Fed. R. Evid. 408(a)(1)-(2); *Eid v. St.-Gobain Abrasives, Inc.*, 377 F. App'x 438, 444 (6th Cir. 2010). However, a court may admit this evidence for another purpose, "such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed R. Evid. 408(b).

**A. The Offer to Transfer to Aiken was Made as Part of Settlement Negotiations and was a Conditional Offer**

Determining whether an offer was made in compromising or attempting to compromise a claim can be difficult. *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 827 (2nd Cir. 1992). However, "where a party is represented by counsel, threatens litigation and has initiated the first

administrative steps in that litigation, any offer made between attorneys will be presumed to be an offer within the scope of Rule 408." *Id*. It is the burden of the party seeking admission of an offer in this context to demonstrate convincingly that the offer was not an attempt to compromise the claim. *Id*. at 827.

Defendants argue that the offer to transfer King to Aiken was not made in compromising or attempting to compromise a claim because it was made unconditionally, without any requirement for Plaintiff to release or waive her claims. (Doc. 20 at PageID 657.) "By definition, an unconditional offer may not require the employee to abandon or modify his suit . . . The offer therefore cannot be considered an offer of settlement or compromise." *Geiger v. Kraft Foods Glob., Inc.,* 2008 WL 648192, at *6 (S.D. Ohio 2008) (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 909 (2nd Cir. 1997)).

The offer to transfer to Aiken was not made unconditionally. Only after King's counsel sent a letter requesting settlement did the Defendants offer options for Plaintiff.[1] (McDole Dep., Doc. 13 at PageID 546.) Defendants presented options only after Plaintiff's attorney became involved and asked the Defendants to assist in "resolving this matter." (Doc. 16-2 at PageID 600.) In addition, Defendants offered to compensate Plaintiff for paid time off, salary, and benefits for the summer if she chose to resign. On these facts, Defendants have failed to convincingly demonstrate that the transfer offer was unconditional. Thus, the Court concludes the transfer offer is inadmissible pursuant to Rule 408.[2]

---

[1] By sending the letter, Plaintiff "threaten[ed] litigation and . . . initiated the first administrative steps in that litigation[;]" therefore, "any offer made between attorneys will be presumed to be an offer within the scope of Rule 408." *Pierce*, 955 F.2d at 827.

[2] Defendants contend that the offer is admissible to show their engagement in the interactive process for accommodating Plaintiff's disability. However, a *Faragher/Ellerth* defense does not apply in this case. There is no evidence that the employer prevented or acted promptly to correct the harassing behavior, as required to claim such a defense. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807–08 (1998). Had the Defendants in this case sought accommodation, they could have responded promptly to requests from Plaintiff or her union representative. They failed to do so.

### B. Excluding the Offer Furthers the Purposes of Rule 408

Defendants also argue that the purposes of Rule 408 would not be furthered by excluding evidence of the transfer option. According to Defendants, "[d]isallowing such evidence would discourage attempts by employees and employers to resolve matters between them, and prompt more litigation, not less." (Doc. 20 at PageID 661.) The Court disagrees.

Rule 408 serves a "strong public interest [of] encouraging settlement negotiations . . ." *Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791, 805 (6th Cir. 2007) (internal quotation marks omitted). "Parties are unlikely to propose the types of compromises that most effectively lead to settlements unless they are confident that their proposed solutions cannot be used on cross-examination . . . by some future [ ] party . . ." By excluding such evidence, Rule 408 allows parties to "make hypothetical concessions, offer creative *quid pro quos*, and generally make statements that would otherwise belie their litigation efforts." *Id.* (quoting *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003)). Parties would be deterred from engaging in settlement discussions if there were a risk of their admission at trial.

Rule 408 also serves the purpose of excluding irrelevant evidence because "disputes are often settled for reasons having nothing to do with the merits of a claim." *Eid*, 377 F. App'x at 444. Moreover, "statements made in furtherance of settlement are *never* relevant" because an offer may be motivated by a desire for peace rather than a concession. *Goodyear Tire & Rubber Co.*, 332 F.3d at 983.

In this case, Rule 408 is furthered by excluding the Defendants' offer to transfer King to Aiken. Both the Plaintiff and her union representative contacted CPS' Director of Human Resources prior to involving outside counsel, but Defendants failed to take any action to

investigate or address Plaintiff's complaints.  As discussed above, the transfer offer was made only after Plaintiff retained counsel, and her attorney contacted Defendants' counsel in anticipation of litigation.  Accordingly, the Court concludes that the transfer offer falls within the scope of Rule 408.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion In Limine (Doc. 20) is **DENIED.**

**IT IS SO ORDERED**.

Dated: March 13, 2019        S/Susan J. Dlott_____
                             Judge Susan J. Dlott
                             United States District Court